IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROCKBROS USA LLC; YIWU CITY JINGFENG E-COMMERCE CO. LTD.; AND JUN HUANG,<br><br>*PLAINTIFFS,*<br><br>V.<br><br>ABE SHEHADEH AND BLACKSTRAP INDUSTRIES, INC.,<br><br>*Defendants.* | Case No. 1:23-cv-17193<br><br>JURY TRIAL DEMANDED |

### ORIGINAL COMPLAINT

Plaintiffs Rockbros USA LLC; Yiwu City Jingfeng E-commerce Co. Ltd., and Jun Huang, (collectively "Plaintiffs") files this Declaratory Judgment action against Defendants Abe Shehadeh and Blackstrap Industries, Inc. ("Defendants") and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment of design patent invalidity and non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* Plaintiffs are seeking a declaratory judgment of invalidity and non-infringement of U.S. Design Patent No. D758,703 ("D'703 Patent") which issued June 14, 2016, and entitled "HOODED FACEMASK WITH A PIVOTING MOUTH PIECE" by inventor Abe Shehadeh.

2. In addition, Plaintiffs alleges that Defendants have violated the common law of the State of Illinois by committing tortious interference with a contractual relationship and tortious interference with a prospective business expectancy.

### THE PARTIES

1

3. Plaintiff Rockbros USA LLC ("Rockbros") is a limited liability company organized and existing under the laws of the State of New Jersey with an address of 758 Lidgerwood Ave., Elizabeth, NJ 07202.

4. Plaintiff Yiwu City Jingfeng E-commerce Co. Ltd. ("Jingfeng") is a company organized and existing under the laws of the People's Republic of China located at Room 3119, Building B, Wanda, Yiwu City, China.

5. Plaintiff Jun Huang ("Huang") is an individual residing in China.

6. Upon information and belief, Defendant Abe Shehadeh ("Shehadeh") is an individual residing in Bend, Oregon and the CEO of Blackstrap Industries, Inc.

7. Upon information and belief, Defendant Blackstrap Industries, Inc., ("Blackstrap") is a corporation organized and existing under the laws of the State of Oregon with an address of 1305 SE Armour Rd., Ste., 100, Bend, Oregon 97702.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1338(a), 1367, and 2201(a).

9. On information and belief, this Court has personal jurisdiction over Defendants as Defendants have constitutionally sufficient contacts with this District so as to make personal jurisdiction over Defendants proper as Defendants have committed the acts complained of herein within this Judicial District. Furthermore, upon information and belief, Defendants own and/or operate an Amazon storefront through which Defendants sell "mountain lifestyle gear" including Balaclavas that allegedly embody the D'703 Patent within the forum state and within this judicial District.

10. Venue is proper in this District by virtue of Defendants complaints to Amazon is an explicit agreement that jurisdiction and venue is proper in any jurisdiction where Amazon.com is subject to jurisdiction.

## THE D'703 PATENT

11. The D'896 Patent discloses an ornamental design for a hooded facemask with a pivoting mouth piece (commonly known as a "balaclava"). *See* D'703 Patent, Figs. 1-9, attached hereto as Exhibit A.

12. The D'703 Patent was filed on April 25, 2013, and issued June 14, 2016.

13. Defendant Shehadeh is the inventor and owner listed on the USPTO, with all rights and title, of the D'896 Patent.

14. Defendant Blackstrap has represented that it is the owner of the D'703 Patent by virtues of its numerous Amazon infringement complaints.

## FACTUAL BACKGROUND

15. Plaintiffs are sellers of, among other things, balaclavas via its Amazon storefronts: ROCKBROS USA; Achiou US; and HikeValley.

16. Plaintiffs' Amazon sales are conducted under the Amazon Services Solutions Agreement.

17. On or around early December 2023, Defendants filed complaints with Amazon.com regarding Plaintiffs' products alleging infringement of the D'703 Patent, including as follows:

| Store | Complaint ID | ASINs |
|---|---|---|
| ROCKBROS USA | 14293467541 | B0814NZ338; B09FP5JG9B; B09FNW1TV5; B09FNZM28T; B0BFCTCN6X; B0BFCSNHKT; B0BFCTK1DH; B0CL5S47XF |
| Achiou US | 14242512031 | B07PFGMG5F |
| Achiou US | 14293460571 | B0855MG2BF |
| Achiou US | 14293385991 | B08562K77T |

| Achiou US | 14293454111 | B07PGM3S57, B0CCVCR2T5, B0855GT8T5, B07PHR7WK7, B0CCVJG2GZ, B07PHPZ2WR, B0855LN9RC, B0CCVFP5PX, B07T4FPZXY |
|---|---|---|
| HikeValley | 14242522471 | B07514ZXG5; B07513F5JP |
| HikeValley | 14242486421 | B07228PTP8; B06ZZXHW7L; B071DFNQQB; B06ZZCH7VF; B071XTZRRH; B07228CTZG; B074Z7SHWS; B07514V1YJ; B07S9J7CDR |

18. In Defendants' own Amazon Complaint, Defendants readily admit that the D'703 Patent is invalid as their own product it accuses Plaintiffs of copying as having been sold since 2008, over 5 years before the April 25, 2013 filing date of the D'703 Patent.

```
Below is the contact information for the rights holder:
--Legal Department
--legal@bsbrand.com

Rights holder communications: This is a copyright infringement on our patented Hood
Balaclava with pivoting exterior hinge. This is an exact duplicate with exterior hinge design. 3
panel neck and head and manufactured and sold as a copy to the same specs as our pieces. Here
is our Parent ASIN B00AASPZ84 which has been for sale since 2008 you can see this is an
identical copy and fraudulent
ASIN: B07514ZXG5
B07513F5JP
Type of infringement: Patent
Patent No: D758703S
Complaint number: 14242522471
```

19. Furthermore, Defendants knew or at least should have known that numerous prior sales on Amazon are also invalidating prior art to the D'703 Patent. The identical nature of the prior sales, as discussed herein, can only point to Defendants intentionally failing to disclose prior art to the USPTO in an attempt to gain design patent protection in the United States and to extort money from various Amazon sellers including Plaintiffs.

20. By alleging infringement of the D'703 Patent against Plaintiffs, Defendants have made bad faith allegations that are knowingly and objectively false.

4

21. Therefore, an actual and justiciable controversy exists between the Parties concerning the validity of the D'703 Patent and whether Plaintiffs' products infringe the D'703 Patent.

22. Plaintiffs now seek a declaratory judgment of invalidity and non-infringement of the D'703 Patent.

### CLAIM I: DECLARATORY JUDGMENT OF PATENT INVALIDTY

23. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

24. The D'703 Patent is invalid for failing to comply with at least the condition of patentability set forth in 35 U.S.C § 102. Specifically, the D'703 Patent is anticipated by the cited prior art herein.

25. Defendants readily admit that Plaintiffs' alleged infringing product is an exact duplicate of Defendants product with the "*ASIN B00AASPZ84 which has been on sale since 2008.*"

```
Below is the contact information for the rights holder:
--Legal Department
--legal@bsbrand.com

Rights holder communications: This is a copyright infringement on our patented Hood
Balaclava with pivoting exterior hinge. This is an exact duplicate with exterior hinge design. 3
panel neck and head and manufactured and sold as a copy to the same specs as our pieces. Here
is our Parent ASIN B00AASPZ84 which has been for sale since 2008 you can see this is an
identical copy and fraudulent
ASIN: B07514ZXG5
B07513F5JP
Type of infringement: Patent
Patent No: D758703S
Complaint number: 14242522471
```

26. Indeed, it appears that Backstrap setup its e-commerce store in 2008 to sell its products which invalidate its own patent. The product is also sold on Blackstrap's Amazon Store as shown below.

5



*See also* www.amazon.com/dp/B075LJD4RX

27. For example, other prior art products from Carhartt have been on sale at least as early as August 20, 2009. For example, see:

- www.amazon.com/Carhartt-Mens-Helmet-Liner-Black/dp/B002G9UER



28. For example, other prior art products from Nike have been on sale at least as early as June 16, 2012. For example, see:

6

- https://www.amazon.com/dp/B007QXSE7A



29. As discussed above, the claimed design of the D'703 Patent was sold by Defendants and other sellers well before the priority date of the D'703 and in particularly well over a year before the priority date. As such, each and every claimed design element of the D'703 Patent is anticipated by the prior art sales.

30. Furthermore, upon information and belief, Defendants committed inequitable conduct by failing to submit an information disclosure statement ("IDS") regarding these prior sales and committed fraud on the patent office by intentionally hiding these prior art sales.

31. Pursuant to the Federal Declaratory Judgment Act, Plaintiffs seek a judicial declaration of invalidity of the D'703 Patent for failing to meet the condition of patentability set forth in 35 U.S.C. § 102, as the D'703 Patent as anticipated by the various references, and is, therefore, invalid.

### CLAIM II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

32. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

33. Since the D'703 Patent is invalid for failing to comply with at least the condition of patentability set forth in 35 U.S.C § 102, it is axiomatic that Plaintiffs balaclava products do not infringe the D'703 Patent. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015) (stating that it is axiomatic that one cannot infringe an invalid patent because there is nothing to infringe upon).

34. Pursuant to the Federal Declaratory Judgment Act, Plaintiffs seek a judicial declaration that Plaintiffs' hood/balaclava products to not infringe the D'703 Patent because the D'703 Patent is invalid.

## CLAIM III: TORTIOUS INTERFERENE WITH CONTRACT

35. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

36. Plaintiffs and Amazon have a valid and enforceable contractual relationship via their respective Amazon Services Business Solutions Agreements in which Plaintiffs were permitted to sell goods on the Amazon marketplace in exchange for fees.

37. Defendants were aware of Plaintiffs' contractual agreement with Amazon as he knew Plaintiffs offered its products as the Amazon storefronts ROCKBROS USA; Achiou US; and HikeValley, respectively.

38. Defendants intentionally and unjustifiably induced Amazon to breach its respective agreement with Plaintiffs by filing bad faith Amazon Infringement Complaints with knowledge that the D'703 Patent is invalid.

39. Amazon did in fact breach its agreement with Plaintiffs as a result, removing Plaintiffs' products from the Amazon marketplace.

40. Defendants' actions have caused economic and financial harm to Plaintiffs.

## COUNT IV: TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

41. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

42. Defendants' repeated Amazon Complaints with Amazon, made with the actual knowledge or should have known that the asserted patent is invalid, are bad faith complaints.

43. Such bad faith is further shown by the fact that after Plaintiffs allege in its own infringement allegations that it sold the product by which it claims is covered by the D'703 Patent in 2008, five years prior to filing the application which issued into the D'703 Patent. The seven Amazon Complaints have not been retracted by Defendants despite this knowledge.

44. At the time Defendants made these complaints, it was aware Plaintiffs had an ongoing business relationship, that there was a reasonable probability Plaintiffs would have continued business relations, with Amazon.

45. At the time Defendants made these complaints, they were also aware that Plaintiffs had an ongoing business relationship, that there was a reasonable probability Plaintiffs would have continued business relations, with their Illinois and Chicago customers who shop on Amazon.com.

46. Defendants has wrongfully, willfully, and intentionally interfered in the forward going prospective business relationships between Amazon, Plaintiffs' Illinois customers, and Plaintiffs.

47. Defendants' complaints and anticompetitive *quid pro quo* with Amazon were an intentional and unjustifiable attempt to induce Amazon to disrupt this business relationship and knew the complaints and anticompetitive *quid pro quo* with Amazon was certain or substantially certain to disrupt Defendants' business relations with Amazon and cause Amazon to de-list Plaintiffs' products.

48. By inducing Amazon to de-list Plaintiffs' products, Defendants further disrupted, and is still disrupting, the business relationship between Plaintiffs' Illinois customers and Plaintiffs as Plaintiffs' Illinois customers cannot buy Plaintiffs' products from Amazon.com anymore.

49. Plaintiffs incurred, because of Defendants' seven Amazon Complaints, significant economic costs and damage to its reputation as a result of Defendants' systematic and fraudulent complaints and anticompetitive *quid pro quo* with Amazon causing Amazon to delist Plaintiffs' products.

50. Plaintiffs are entitled to recover compensatory and punitive damages because of Defendants' tortious activities.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment as follows:

    a. a declaration that the D'703 Patent is invalid;

    b. a declaration that Plaintiffs' hood/balaclava products do not infringe the D'703 Patent;

    c. a judgment that Defendants have tortiously interfered with Plaintiffs' contractual relations;

    d. a judgment that Defendants have tortiously interfered with Plaintiffs' prospective business relationships;

    e. a declaration that this case is exceptional and an award to Plaintiffs of their costs,

        expenses, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C § 285; and

    f.    Further relief as the Court may deem just and proper.

DATED: December 31, 2023                         Respectfully submitted,

                                                                            */s/ Hao Ni*
                                                                            Hao Ni
                                                                            Texas Bar No.: 24047205
                                                                            Ni, Wang & Massand, PLLC
                                                                            8140 Walnut Hill Lane, Suite 500
                                                                            Dallas, TX 75231
                                                                            972.331.4600
                                                                            972.314.0900 (facsimile)
                                                                            hni@nilawfirm.com

                                                                            *COUNSEL FOR PLAINTIFFS*